————•:0:•————

## BARTLETT *against* CROZIER.

Where a da-
mage is suffer-
ed by the act,
or omission of
a public officer,
contrary to his
duty, the party
injured may
maintain an ac-
tion on the case
against the offi-
cer.
Where an
overseer of
highways wil-
fully neglects
to repair a
bridge within
his district, by
reason of which
the plaintiff's
horse falls
through, and
breaks his leg,
an action on the
case may be
maintained.
*It seems* that
the declaration
in such ac-
tion should al-
lege that the
the means of
tendment, that

IN ERROR, to the court of common pleas of the county of *Washington.*

The defendant in error brought an action of trespass on the case, in the court below against the plaintiff in error. The declaration contained three counts which were sub-stantially the same, and stated, that the defendant below was, on the 5th of *April,* 1814, duly elected an overseer of highways for the town of *Salem,* in the county of *Washing-ton,* for district No. 14, in the said town, and took the oath prescribed by law, which was duly filed with the town clerk: that he undertook the execution of his office; and that not regarding, but neglecting his duty, he negligently and wilfully suffered a certain bridge, in the said district, and on a public highway therein, to be and remain, for the space of three months, broken, dangerous, and unfit to be travelled over, he well knowing the premises; and that during that

commissioners of the town had provided materials, and that the defendant had making the repairs: but the omission is cured after verdict, by the common law in-the defect was supplied on the trial, by proof.

time the plaintiff below was driving his mare over the bridge, and by reason of the defendant's wilful negligence in not repairing, the mare fell through the bridge and broke her leg, &c.

The defendant below pleaded the general issue; and a verdict having been found on the trial for the plaintiff below, the defendant brought a writ of error, and assigned for error that the declaration was insufficient in law to maintain the action.

*Crary*, for the plaintiff in error, contended, 1. That an action does not lie at common law against the overseers of highways, for not repairing a road or bridge. The town or parish at large is bound to repair, unless by prescription, the burden is thrown on some particular person, by tenure. (*King* v. *Sheffield*, 3 *Term Rep.* 106. 111. 1 Ld. *Raym.* 725. 5 *Burr.* 2700. 4 *Burr.* 2510. 3 *Comyn's Dig.* 31. *Chimin*, (B. 2. B. 3.) Where a highway is out of repair, the whole parish is indictable, and if a bridge is out of repair, the whole county are answerable. (2 *Inst.* 700, 701. 5 *Term Rep.* 598. 2 *Bl. Rep.* 685. *Vent.* 183.)

Again; this action is not maintainable on the statute. (2 *N. R. L.* 270. Sess. 36 ch. 33.) The statute (s. 14.) gives a penalty merely for neglect of duty. The *English* statute is analogous, and creates an officer called a surveyor of highways, with similar powers. (2 *Burr.* 805. 832. 834. 2 *Hawk.* 302. n. 3. 5 *Johns. Rep.* 375. 1 *Johns. Rep.* 54. *Bouton* v. *Nelson*, 3 *Johns. Rep.* 474. *Freeman* v. *Cornwall*, 10 *Johns. Rep.* 471.)

The overseers act under the authority and direction of the commissioners of highways. They are to *warn* all persons assessed to work on the highways. (sect. 3.) They cannot compel persons to work. In case of neglect they can only complain to a justice of the peace, who may issue a warrant to levy the fines. (s. 9.) If this action can be maintained, an overseer might be obliged to repair a road at his own expense.

Again; if an action lies against the overseers for a breach of duty, the plaintiff ought to state, in his declaration, what the duty is, and show how it has been violated. A mere general

*Margin:* NEW-YORK, May, 1818.

BARTLETT v. CROZIER.

averment of a breach of duty is not sufficient. It is too general and indefinite. The defendant cannot come prepared to meet it. It is one of the first principles of pleading, as Mr. J. *Buller* observes, to state facts for the purpose of informing the court whose duty it is to declare the law on those facts, and to apprise the opposite party of what is meant to be proved, in order to give him an opportunity to answer or traverse it. (1 *Doug.* 159.) Where the law presumes the affirmative of a fact, the negative must be proved by the party averring it in pleading. (*Williams* v. *East India Company*, 3 *East*, 192.) And where an act is required to be done by a person, the omission of which would be a criminal neglect of duty, the law presumes the affirmative. So, here, the law will presume the overseer did his duty in this case. The statute prescribes penalties, but gives no action against the overseer. The plaintiff should show that the commissioners made the assessment and delivered the warrant to the overseers, and that they had the means of making the repairs.

*Foot*, contra, said, that he did not pretend that an action would lie on the statute, further than what arises from its being made the duty of the overseers of highways to keep the roads and bridges in repair. *Ashurst*, J. in *The King* v. *Sheffield*, admits, that if it was the duty of any particular person to repair, an action would lie against him. The principle on which this action is brought is this, that where a public officer neglects his duty, by reason whereof a person is injured, an action on the case lies against such officer, at the suit of the party injured by such culpable omission. (3 *Bl. Com.* 123. *Jenner* v. *Joliffe*, 9 *Johns. Rep.* 381. *Cro. Jac.* 446. 478. 1 *Ld. Raym.* 486. *Co. Litt.* 56. *a.*)

As to the objection that we have not properly alleged what was the defendant's duty, nor that the commissioner delivered him the assessment list, or directed him to repair this particular bridge, the answer is, that these defects are cured by the verdict. (1 *Chitty's Pl.* 318. 1 *Saund.* 238. *n.* 1. 1 *Johns. Rep.* 276.)

In *Townsend*, v. *President and Directors of Susquehannah Turnpike Co.* (6 *Johns. Rep.* 90.) which was an action on

the case, for the injury sustained by the plaintiff, by the fall of a bridge on the road, the court held the action maintainable.

*Crary,* in reply, said, that in the case of *Townsend* v. *The Susquehannah Turnpike Company,* the defendants were owners of the highway, and received a toll from the passengers, and were bound, by the act of their incorporation, to keep the road in repair. Here the defendant had no interest in the highway or bridge. It was not his particular duty to keep this bridge in repair, but the whole town, or the occupiers of the adjoining land, were bound. The only evidence of any neglect of duty in the defendant is the accident which happened to the plaintiff's horse.

But if the defendant was liable, he could not be made so on this declaration. It should be shown that the plaintiff had power and authority to do the act, the omission of which is made the ground of action. (5 *Comyn's Dig.* 590. *Pleader,* (O.) The overseers have no power but what is derived through the commissioners of highways.

SPENCER, J. delivered the opinion of the court. This is a writ of error to the common pleas of *Washington;* and the error relied on is, that the declaration contains no cause of action. The declaration sets forth, in substance, that *Bartlett* was duly chosen and qualified, according to law, an overseer of highways, for district number fourteen in the town of *Salem,* and took upon him the office ; that disregarding his duty in that behalf, and wholly neglecting the same, he wilfully suffered a certain bridge in said district, and on a public highway therein, to be and remain, for the space of three months, broken, dangerous, and unfit to be travelled over, he well knowing the premises ; and that during that time *Crozier* was driving a certain mare whereof he was possessed over the said bridge, and by reason of *Bartlett's* wilful negligence as aforesaid, in not repairing said bridge, the said mare fell through the same and broke her leg, whereby, &c.

This is the substance of all the counts. To these the defendant pleaded not guilty. The jury found him guilty, and assessed the plaintiff's damages.

The broad question is, whether a public officer, who wilfully neglects his duty, is responsible to any individual who suffers damage and loss in consequence of that neglect?

A preliminary objection deserves first to be disposed of. It is insisted that it is not averred that the commissioners of the town had done their duty in providing materials for the repair of the bridge, nor taken the steps required of them; and that it is not alleged that the defendant below had the means of making the necessary reparation. It is a settled rule, that if the issue joined be such as necessarily required, on the trial, the proof of facts either imperfectly stated or omitted, and without which it is not to be presumed that the court would direct, or the jury give the verdict, such defect or omission is cured by the verdict. (1 *Saund.* 228. a.)

The declaration charges a wilful neglect of duty on the part of the overseer, and this presented the very gist of the inquiry; it would not have been a wilful neglect of duty, or any neglect at all, if the default in repairing the bridge could have been attributed to the commissioners, or if the overseer had not the means in his hands to repair it, or if he had been ignorant of the want of repair, unless the ignorance was culpable; and we must now consider it as established by the verdict that there was an omission of duty on the part of the overseer, or else the verdict could not have been given.

There can be no doubt, under the act to regulate highways, that it is the duty of the overseer of highways to repair the bridges within his particular district. (2 *R. L.* 270. § 3. 28.) All, therefore, that has been urged as to the duty to repair roads by the owners of the adjoining land, at common law, is entirely inapplicable.

It is a general principle of law, that wherever an individual has sustained an injury, by the misfeasance or nonfeasance of an officer, who acts, or omits to act, contrary to his duty, the law affords redress by an action on the case adapted to the injury. Lord *Kenyon*, in the case of *Russell* v. *The Men of Devon*, (2 *Term. Rep.* 671.) admits, that an action will lie by an individual for an injury sustained by omitting to repair a road, against any other individual bound

to repair it, though he did not think the action lay at com-mon law against the county.

Without multiplying references, the principle on which this action rests, was recognized by this court in the case of *Townsend* v. *The Susquehannah Turnpike Company*, (6 *Johns. Rep.* 90.)

That was an action founded on an injury done the plaintiff in the loss of a horse, by reason that one of the bridges of the corporation was so ruinous as to fall, when the plaintiff was crossing it with his horses. The court held that the action was sustained, on the ground that the corporation was bound to bestow ordinary care in the construction and repair of their bridges.

The duty of the corporation in that case was an implied one, resulting from their ownership of the road, and the reception of toll. In the present case, the duty results from the acceptance of an office, that it shall be well and faithfully executed; and whoever suffers from its unfaithful execution, must have his remedy. It stands on the same principle as actions against ministerial officers for their neglect to execute their offices, to the injury of another; as against a sheriff for not serving a writ, or against an inn-keeper for refusing to receive and accommodate a traveller.

Judgment affirmed.

THOMPSON *against* LOCKWOOD.

Where a she-
riff voluntarily
permits a de-
fendant in exe-
cution to es-
cape he cannot
arrest or detain
him, unless the
plaintiff in the
execution is-
sues a new pro-
cess; nor can
he *retain* him
on his surren-
der, unless the
plaintiff in the
*execution does
some act show-
ing his election
to hold him on
the old process.*
If the sheriff
arrest the de-
fendant again
on the same
execution, and
take from him
a bond for the
gaol liberties,
jointly and se-
verally with a-
nother person,
as his surety,
such bond is
void for duress,
not only as to
the defendant,
but, also, as to
the surety.
One obligee
cannot plead
that the bond
was obtained of
his co-obligee
by duress.
But this rule
does not apply
to a bond taken
by a sheriff
from a defend-
ant whom he
has no right to
detain in custo-
dy; and the
co-obligee or
surety may
avail himself of
the defence of
duress, in a se-
veral action
against him.

IN ERROR, to the court of common pleas of the county of *Orange.*

The defendant in error, who was sheriff of the county of *Orange,* brought an action in the court below, against the plaintiff in error, as surety in a bond for the gaol liberties.

At the trial, in the *September* term, 1817, of the court be-low, the plaintiff below gave in evidence a bond executed to him, as sheriff, by *William Lawrence* and the defendant be-low, dated *May* 27th, 1816, by which they bound themselves, jointly and severally, in the sum of 424 dollars, and 34 cents, with condition that *Lawrence* being in custody by virtue of two writs of *capias ad satisfaciendum,* should remain a true and faithful prisoner, and should not escape or go without the limits, &c. The writs of *ca. sa.* mentioned in the condi-tion of the bond, and the departure of *Lawrence* from the limits, were admitted on the part of the defendant below.

The counsel for the defendant then offered in evidence, under the notice annexed to his plea, in bar of the action, that previous to the execution of the bond, *Lawrence* had been twice arrested by *Van Duzer,* one of the deputies of the plaintiff below, by virtue of the two executions before mentioned; that previous to the third arrest and imprison-ment of *Lawrence,* on the day of the date of the bond, he had been twice voluntarily discharged, and permitted to es-cape, by *Van Duzer,* who had received a compensation for such discharge and permission. The court ruled that the evi-dence was insufficient to bar the action, and the jury there-upon found a verdict for the plaintiff below. The defend-ant tendered a bill of exceptions to the opinion of the court below, which was removed into this court by writ of error.

*W. A. Duer,* for the plaintiff in error, contended, that the arrest and discharge from imprisonment amounted to a satis-faction of the debt. A voluntary discharge by the sheriff was, as it respects him, a payment; and his power to arrest was

was at an end.   He could not maintain an action against the NEW-YORK, prisoner, to recover the money.   Although a discharge of the May, 1818. defendant, without the authority or consent of the plaintiff, may not bind him, yet even the plaintiff would be obliged to sue out a new writ, on the ground that the former *ca. sa.* was a nullity, or had not been returned.   It is against all legal reason, that one writ can be twice operative, and produce the same effect.   By the first arrest, the writ has been obeyed, and has performed its proper function ; and after a voluntary discharge, the sheriff cannot arrest a second time.   If he does so, he is liable to an action for false imprisonment.   The authorities are explicit and conclusive. (*Lansing* v. *Fleet*, 2 *Johns. Cas.* 3.   *Holmes* v. *Lansing*, 3 *Johns. Cas.* 73.   *Palmer* v. *Hatch*, 9 *Johns. Rep.* 329.   *Atkinson* v. *Matteson*, 2 *Term Rep.* 172. per *Grose*, J.   *Atkinson* v. *Jameson*, 5 *Term Rep.* 25.   *Barnes*, 373.   *Tillman* v. *Lansing*, 4 *Johns. Rep.* 45. per *Thompson*, J.   *Clarke* v. *Clement*, 6 *Term Rep.* 525. *Tanner* v. *Hague*, 7 *Term Rep.* 420.   *Vigers* v. *Aldrich*, 4 *Burr.* 2482.   *Jacques* v. *Withy*, 1 *Term Rep.* 557.   *Wheeler* v. *Bailey*, 13 *Johns. Rep.* 366.   *Yates* v. *Van Rensselaer*, 5 *Johns. Rep.* 364.   *Barnes*, 205.   *Blackburn* v. *Stupart*, 2 *East*, 243.)

The margin note reads: THOMPSON v. LOCKWOOD.

If, then, the sheriff, after a voluntary escape, cannot make a second arrest, there is an end to the question.   The bond is void.   The sheriff cannot, *colore officii*, take a bond for security for a debt, for which he has already received satisfaction.   He cannot in this suit obtain, indirectly, what the law would not allow him to recover directly from the prisoner.   As the sheriff must, as preliminary proof to his action, produce the writ under which he acted, the defendant below may show, by way of defence, that the debt was satisfied, and the sheriff fraudulently exacted the bond.

*Betts*, contra.   The sheriff had the assent of the defendant in the execution to the arrest.   He was a party to the bond given for the liberties, and having executed it, with a knowledge of his rights, he must be bound by it. (*Ackly* v. *Hoskins*, 14 *Johns. Rep.* 374. 376.)   The bond is taken for

NEW-YORK, the indemnity of the sheriff, and to save him harmless. (*Bar-*
May, 1818.    *ry* v. *Mandell,* 10 *Johns. Rep.* 563.    *Tillman* v. *Lansing,*
THOMPSON     4 *Johns. Rep.* 45. *M'Elroy* v. *Mancius,* 13 *Johns. Rep.* 121.)
v.           Is not the surety equally bound? Can he avail himself of
LOCKWOOD.    the circumstance of the prior voluntary escape? It is suffi-
cient that he executed the bond voluntarily, and for a good
consideration.    The deed imports a sufficient consideration,
and is binding, unless shown to be illegal and void.    The
surety cannot urge that his principal was exempted from the
arrest, for he might waive that exemption. (*Leal* v. *Wigram,*
12 *Johns. Rep.* 88.)    Admitting that *Lawrence* might avoid
the bond for duress; yet the surety in a bond cannot avail
himself of such a ground of defence. (*Huscombe* v. *Stand-
ing, Cro. James,* 187.    5 *Comyn's Dig.* 644.    Plead. (2 W.
19.) )